## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER JOSHUA LABRECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 1:17-cv-00015-RGA |
| | ) |
| BANK OF AMERICA, N.A., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS BANK OF AMERICA, N.A. AND BRIAN MOYNIHAN'S
OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS
<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

GREENBERG TRAURIG, LLP
Steven T. Margolin (#3110)
Brittany M. Giusini (#6034)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware  19801
(302) 661-7376
margolins@gtlaw.com
giusinib@gtlaw.com

*Attorneys for Defendants
Bank of America, N.A. and Brian Moynihan*

Dated:  August 23, 2017

## TABLE OF CONTENTS

**Page**

I. SUMMARY OF THE ARGUMENT ................................................................................1
II. LEGAL ARGUMENT .......................................................................................................2
    A. The Applicable Legal Standards...........................................................................2
        1. Rule 12(b)(1) ..............................................................................................2
        2. Rule 12(b)(6) ..............................................................................................2
        3. Rule 12(b)(3) ..............................................................................................3
III. ARGUMENT .....................................................................................................................3
    A. The Court Should Dismiss the Amended Complaint in its Entirety as to Defendant Brian Moynihan. .................................................................................3
    B. Plaintiff Lacks Article III Standing to Sue Under *Spokeo*......................................4
    C. Plaintiff Does Not State a Plausible Claim for Violation of the FCRA. .................5
    D. Venue Is Not Proper Before this Court. ..................................................................7
IV. CONCLUSION ..................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Rumsfeld*,
  450 F. Supp. 2d 440 (D. Del. 2006) ................................................................................1

*Anderson v. Bank of Am., N.A.*,
  2014 WL 12587072 (S.D. Texas Jan. 27, 2014) ..............................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .....................................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................2-3

*Caltabiano v. BSB Bank & Trust Co.*,
  387 F. Supp. 2d 135 (E.D.N.Y. 2005) ..............................................................................7

*Claunch v. Bank of Am.*,
  2013 WL 3095041 (S.D. Miss. June 18, 2013) ................................................................4

*Freeman v. S. Nat'l Bank*,
  531 F. Supp. 94 (S.D. Tex. 1982).....................................................................................7

*Jamison v. Bank of Am., N.A.*,
  194 F. Supp. 3d 1022 (E.D. Cal. 2016) ............................................................................5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) .........................................................................................................2

*Lujan v. Defenders of Wildlife*,
  504, U.S. 555 (1992) ........................................................................................................2

*Mirfasihi v. Fleet Mortg. Corp.*,
  551 F.3d 682 (7th Cir. 2008).............................................................................................6

*Mortensen v. First Fed. Sav. and Loan*,
  549 F. 2d 884 (3d Cir. 1977) ............................................................................................2

*Nami v. Fauver*,
  82 F.3d 63 (3d Cir. 1996) .................................................................................................2

*In re Rockefeller Center Properties, Inc. Securities Litigation*,
  184 F.3d 280 (3d. Cir. 1999) ............................................................................................1

*Smith v. First Nat'l Bank of Atlanta*,
   837 F.2d 1575 (11th Cir. 1988) ................................................................................................7

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (May 16, 2016) ....................................................................................1, 4, 5

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ..................................................................................................................5

*Traynor v. Liu*,
   495 F. Supp. 2d 444 (D. Del. 2007) ........................................................................................3

*Vrlaku v. Citibank*,
   No. Civ. 05-1720 (SRC), 2005 WL 2338852 (D.N.J. Sept. 23, 2005) ...................................7

*Wachovia Bank v. Schmidt*,
   546 U.S. 303 (2006) ..................................................................................................................8

*Warth v. Seldin*,
   422 U.S. 490 (1975) ..................................................................................................................2

**Statutes**

15 U.S.C. § 1601 ...........................................................................................................................5

15 U.S.C. § 1681 .......................................................................................................................1, 6

15 U.S.C. § 1681a(d) ....................................................................................................................6

15 U.S.C. § 1681a(f) .................................................................................................................6, 7

15 U.S.C. § 1681e(b) ....................................................................................................................6

28 U.S.C. § 1348 ...........................................................................................................................8

28 U.S.C. § 1391(b) ..................................................................................................................3, 8

28 U.S.C. § 1391(b)(2) .................................................................................................................3

**Rules**

FED. R. CIV. P. 12(b)(1) .....................................................................................................1, 2, 4, 5

FED. R. CIV. P. 12(b)(3) .....................................................................................................1, 3, 7, 8

FED. R. CIV. P. 12(b)(6) .....................................................................................................1, 2, 5, 7

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Bank of America N.A. ("BANA") and Brian Moynihan ("Mr. Moynihan," and collectively with BANA, "Defendants") respectfully request that the Court dismiss in its entirety the Amended Complaint (the "Amended Complaint" or "Am. Compl.," D.I. 9) filed by Plaintiff Peter Joshua LaBreck ("Plaintiff") on February 16, 2017, for lack of subject matter jurisdiction and failure, as a matter of law, to state any cognizable claim for relief. Alternatively, Defendants move to dismiss this action pursuant to Rule 12(b)(3), as venue is improper before this Court.

## I.   SUMMARY OF THE ARGUMENT

The Amended Complaint purports to state a claim against Defendants for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, in relation to alleged credit reporting by BANA on two mortgage loans held by Plaintiff, which are secured by the property located at 43855 Harlequin Lane, Clinton, Michigan 48038 (the "Property").[1] The Amended Complaint is ripe for dismissal for numerous reasons. First, the Court lacks subject matter jurisdiction over this action because Plaintiff does not allege sufficient facts to show he suffered any actual damages resulting from Defendants' alleged actions, and he does not allege an actual, concrete injury. Thus, Plaintiff lacks Article III standing to sue. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (May 16, 2016). Second, Plaintiff does not state a plausible claim for violation of the FCRA against Defendants as a matter of law because neither BANA nor its CEO Mr. Moynihan is a consumer reporting agency for purposes of the FCRA. Finally, venue is not proper in this Court because Plaintiff is incarcerated in and is a citizen of Michigan, Defendants are citizens of North

---

[1] The Court may consider the Property's address, which is a matter of public record, because it is listed in the mortgages for the home mortgage loans referenced by Plaintiff in the Amended Complaint, and the mortgages are matters of public record. *See Adkins v. Rumsfeld*, 450 F. Supp. 2d 440, 444 (D. Del. 2006). Further, the mortgages are directly related to the allegations forming the basis of the Amended Complaint, and information contained in the mortgages may be considered on that basis. *Id.*; *see also In re Rockefeller Center Properties, Inc. Securities Litigation*, 184 F.3d 280, 287 (3d. Cir. 1999).

Carolina, and Plaintiff alleges no facts to show any wrongdoing in Delaware or any connection to or "nexus" with the State of Delaware. Thus, as addressed more fully below, the Court should dismiss Plaintiff's Amended Complaint, with prejudice.

## II.     LEGAL ARGUMENT

### A.     The Applicable Legal Standards

#### 1.     Rule 12(b)(1)

Rule 12(b)(1) mandates dismissal of an action where a federal court lacks subject matter jurisdiction. The subject matter of federal courts is limited and may only be exercised as Congress has prescribed. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Standing under Article III of the United States Constitution is a constitutional limitation on a court's subject matter jurisdiction and cannot be granted by statute. *Lujan v. Defenders of Wildlife*, 504, U.S. 555, 576-77 (1992). As such, standing is the "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists." *Mortensen v. First Fed. Sav. and Loan*, 549 F. 2d 884, 891 (3d Cir. 1977).

#### 2.     Rule 12(b)(6)

The Court should dismiss outright a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant, but does not consider conclusory allegations or legal conclusions masquerading as factual conclusions. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)). A complaint therefore must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (citations omitted). It must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.*

(quoting *Twombly*, 550 U.S. at 570). While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). As described below, Plaintiff fails to meet this standard here.

### 3. Rule 12(b)(3)

In deciding a defense of improper venue pursuant to Rule 12(b)(3), the Court must apply 28 U.S.C. § 1391(b). This statute provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *See* 28 U.S.C. § 1391(b). Substantiality exists for venue purposes under 28 U.S.C. 1391(b)(2) when "material acts or omissions within the forum bear a close nexus to the claims." *See Traynor v. Liu*, 495 F. Supp. 2d 444, 451 (D. Del. 2007).

## III. ARGUMENT

### A. The Court Should Dismiss the Amended Complaint in its Entirety as to Defendant Brian Moynihan.

Plaintiff names BANA and its CEO, Brian Moynihan, as Defendants in this action. Plaintiff, however, fails to allege any facts to establish how or why Mr. Moynihan should be held personally liable for any alleged false credit reporting by BANA in relation to Plaintiff's

mortgage loans.  *See generally* Am. Compl.  Because Plaintiff makes no specific allegations against Mr. Moynihan, Mr. Moynihan is an improperly named Defendant.  Thus, the Court should dismiss the Amended Complaint in its entirety, with prejudice, as to Mr. Moynihan.  *See Anderson v. Bank of Am., N.A.*, 2014 WL 12587072, \*2 (S.D. Texas Jan. 27, 2014) (dismissing claims against Moynihan because there are no other allegations about his direct involvement in the foreclosure proceeding apart from his being employed by Bank of America); *see also Claunch v. Bank of Am.*, 2013 WL 3095041 (S.D. Miss. June 18, 2013) (dismissing Moynihan where plaintiff had not pleaded sufficient facts that would support ignoring corporate formalities and imposing personal liability).

### B.     Plaintiff Lacks Article III Standing to Sue Under *Spokeo*.

In addition, the Court should dismiss this action in its entirety pursuant to Rule 12(b)(1) because Plaintiff lacks Article III standing to sue.  Plaintiff asserts a lone claim for violation of the FCRA, alleging that "Defendants" are responsible for "incorrect information and/or outdated information on Plaintiff's consumer report" which make it "impossible" for him to obtain credit. Am. Compl. ¶ 5.  Plaintiff further alleges that Defendants' actions have prevented him from pursuing his "chosen profession" of real estate investor.  *Id.*  Plaintiff, however, does not allege any actual damages. Nor does he allege sufficient facts to show actual, concrete harm resulting from any credit reporting by BANA.  Moreover, Plaintiff does not (and cannot) allege that Mr. Moynihan personally submitted customer information to credit reporting agencies.  In the absence of these requisite allegations, Plaintiff lacks standing to sue under the Supreme Court's holding in *Spokeo*.

Specifically, the Supreme Court held that a claimant lacks Article III standing to bring claims for statutory damages in the absence of any allegations of actual damages.  Like this case, the *Spokeo* plaintiff brought a claim for purported violation of the FCRA.  The Supreme Court

held that for an injury to be concrete enough to convey standing, it must be real and not abstract. *Spokeo,* 136 S. Ct. at 1548. While intangible injuries can be concrete, standing still requires a "factual showing of perceptible harm.*"* *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009) (internal citation omitted). The fact that Congress creates a statutory right, and supposedly grants an individual the right to sue to enforce that right, does not automatically create standing. *Spokeo*, 136 S. Ct. at 1549. Moreover, depriving an individual of a procedural right without affecting some concrete interest is insufficient to create standing. *Id.*; *Summers,* 555 U.S. at 496. A claimant such as Plaintiff, therefore, "cannot satisfy the demands of Article III by alleging a mere procedural violation." *Spokeo*, 136 S. Ct. at 1550. The complaint must include factual allegations showing actual, concrete harm. *Id.*

Here, Plaintiff does not allege sufficient facts to demonstrate such harm. Instead, he makes general allegations that he cannot get credit and cannot work as a real estate investor, while at the same time conceding that both of his home mortgage loans have been in default since 2008. Am. Compl. ¶ 8c. These alleged injuries are not actual and concrete; they instead are conjectural and hypothetical, and they are insufficient to confer Article III standing to sue under *Spokeo*. Thus, the Court should dismiss the Amended Complaint, with prejudice, pursuant to Rule 12(b)(1). *See also Jamison v. Bank of Am., N.A.* 194 F. Supp. 3d 1022, 1028 (E.D. Cal. 2016) (holding that plaintiff lacked Article III standing in context of alleged procedural violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.).

### C. Plaintiff Does Not State a Plausible Claim for Violation of the FCRA.

Even assuming *arguendo* that Plaintiff had standing and that subject matter jurisdiction otherwise existed based on the alleged facts, however, the Court should still dismiss the Amended Complaint with prejudice pursuant to Rule 12(b)(6). Plaintiff's sole claim for violation of the FCRA fails as a matter of law because neither BANA nor Mr. Moynihan is a

"consumer reporting agency" under the FCRA.  Thus, Plaintiff does not and cannot plead a plausible claim for relief against Defendants.

Based on Plaintiff's allegations, his FCRA claim appears to have been brought pursuant to 15 U.S.C. § 1681e(b), which states:

> (b) Accuracy of report.--Whenever a **consumer reporting agency** prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphasis added).  The term "consumer reporting agency," as defined in the FCRA, means:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).  The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."  15 U.S.C. § 1681.  Section 1681a(d) of FCRA specifically provides that the term "consumer report" does not include "any report containing information solely as to transactions or experiences between the consumer and the person making the report."  15 U.S.C. § 1681a(d).

It is well-settled law that banks and creditors such as BANA are not "consumer reporting agenc[ies]" for FCRA purposes, but are merely furnishers of information.  *See Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 686 (7th Cir. 2008) (FCRA claims were frivolous and of no merit

because defendant "is not a consumer reporting agency – it is a bank."); *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) ("where the Bank has reported information based solely on its own experience with one of its customers, the Bank is not acting as a 'consumer reporting agency,' within the meaning of the Fair Credit Reporting Act, because, *inter alia,* it has not furnished a 'consumer report' as that term is defined in the Act. A 'consumer report' does not include 'any report containing information solely as to transactions or experiences between the consumer and the person making the report.'"); *Caltabiano v. BSB Bank & Trust Co.*, 387 F. Supp. 2d 135, 140 (E.D.N.Y. 2005) (dismissing FCRA claims because bank "is a furnisher of information and not a 'consumer reporting agency' as defined by § 1681a(f)."); *Vrlaku v. Citibank*, 2005 WL 2338852, at *4 (D.N.J. Sept. 23, 2005) (dismissing complaint because FCRA "does not apply to business entities who allegedly wrongfully reported credit delinquencies to credit bureaus based upon their experiences with the consumer."); *Freeman v. S. Nat'l Bank*, 531 F. Supp. 94, 95 (S.D. Tex. 1982) (dismissing claims under FCRA because bank was not consumer reporting agency). Thus, where a bank such as BANA is furnishing information based solely on its own experience with a consumer, the information is not a consumer report, and the bank is not a consumer reporting agency in those circumstances.

Based on this clear precedent and the words of FCRA itself, neither BANA nor its CEO Mr. Moynihan qualifies as a "consumer reporting agency" for purposes of the FCRA. Accordingly, the Court should dismiss the Amended Complaint, with prejudice, pursuant to Rule 12(b)(6) because Plaintiff does not (and cannot) state a plausible claim for relief against them as a matter of law.

### D. Venue Is Not Proper Before this Court.

In addition, this action also should be dismissed pursuant to Rule 12(b)(3) because venue is not proper in this Court.

Pursuant to 28 U.S.C. § 1391(b), an action brought under federal question jurisdiction may be brought only in: (i) a judicial district where any defendant resides, if all defendants reside in the same State; (ii) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (iii) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Here, none of the provisions set forth in § 1391(b) applies, and jurisdiction is not proper in this Court, because: (i) neither BANA nor its improperly-named CEO (Mr. Moynihan) are citizens of Delaware;[2] (ii) no "events or omissions" giving rise to Plaintiff's FCRA claim against Defendants occurred or arose in the State of Delaware; and (iii) this action may be properly brought in another jurisdiction.

Likewise, there is no "nexus" between the material acts or omissions that form the basis of the Amended Complaint and this forum because: (i) neither Plaintiff nor Defendants are residents of Delaware; and (ii) there are no Delaware contacts based on the facts alleged in the Amended Complaint. Indeed, Plaintiff's own pleading states that he resides in Michigan – so any alleged damage to his "credit" occurred in that State (if anywhere). Furthermore, Plaintiff does not allege any facts to show any contacts whatsoever with Delaware that would empower this Court to exercise jurisdiction over the instant action. Finally, the Property that is the subject of Plaintiff's two mortgage loans and specifically, the credit reporting of which he complains, is

---

[2] BANA is a national banking association organized under the laws of the United States with its main office in Mecklenburg County, North Carolina. As a national banking association, BANA's citizenship is determined solely by the location of its main office, as designated in its articles of association. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). *See also* SEC filing, Bank of America Corporation, Annual Report (Form 10-K) (Jun. 30, 2017). Therefore, BANA is a citizen of North Carolina. BANA's CEO Brian Moynihan is a resident of MA, and Plaintiff alleges no facts to show Mr. Moynihan is a resident of Delaware. *See* http://www.charlotteobserver.com/news/business/banking/bank-watch-blog/article74216222.html; *see also* https://www.sec.state.ma.us/voterregistrationsearch/myvoterregstatus.aspx.

located in Michigan, where Plaintiff himself resides, as shown by the publicly recorded mortgages. *See* attached Exs. A and B. Thus, there are **no contacts** with Delaware to support subject matter jurisdiction based on diversity. Accordingly, the Court should dismiss the Amended Complaint for improper venue pursuant to Rule 12(b)(3).

## IV.   CONCLUSION

For the reasons set forth herein, the Court should dismiss the Amended Complaint in its entirety, with prejudice, for lack of subject matter jurisdiction, failure to state a plausible claim for relief, and/or improper venue.

GREENBERG TRAURIG, LLP

  */s/ Steven T. Margolin*
Steven T. Margolin (#3110)
Brittany M. Giusini (#6034)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
(302) 661-7000
margolins@gtlaw.com
giusinib@gtlaw.com

*Attorneys for Defendants*
Dated: August 23, 2017      *Bank of America, N.A. and Brian Moynihan*

408316890

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2017, a copy of the foregoing was caused to be served upon the following party of record via United States First Class Mail, postage prepaid, marked Personal and Confidential:

> Peter Joshua Labreck
> SBI# 115717
> St. Clair County Jail
> 1170 Michigan Road
> Port Huron, MI  48060

   /s/ Steven T. Margolin
Steven T.  Margolin (#3110)
Brittany M. Giusini (#6034)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware  19801
(302) 661-7000
margolins@gtlaw.com
giusinib@gtlaw.com

*Attorneys for Defendants*
*Bank of America, N.A. and Brian Moynihan*