IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PETER JOSHUA LABRECK, )
)
    Plaintiff, )
)
v. ) Civil Action. No. 17-015-RGA
)
BANK OF AMERICA, N.A., et al., )
)
    Defendants. )

## MEMORANDUM ORDER

At Wilmington this ( ) day of November, 2017,

IT IS ORDERED, as follows:

1. **Introduction.** Plaintiff, Peter Joshua Labreck ("Plaintiff"), an inmate housed at the St. Clair County Jail in Port Huron, Michigan, filed this action on January 5, 2017. (D.I. 3). He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.

2. **Supplemental Service.** Pursuant to Fed. R. Civ. P. 4(b), (c)(1), (c)(3), and (h), Plaintiff shall request the Clerk of Court to prepare a summons for Defendant Experian who failed to return the "Waiver of Service of Summons." (*See* D.I. 25). Plaintiff shall also complete and return to the Clerk of Court original "U.S. Marshal-285" form and a copy of the complaint (D.I. 3), amended complaint (D.I. 9), and addendum to amended complaint (D.I. 11) for personal service upon Experian. **Failure to request issuance of summons and to provide a "U.S. Marshal 285" form containing a complete address for defendant and a copy of the complaint, amended complaint, and addendum to amended complaint within thirty (30) days from the date of this order may result in the dismissal of Defendant pursuant to Federal Rule of Civil Procedure 4(m).**

1

3. Upon receipt of the request for issuance of summons, the USM-285 form and a copy of the complaint, amended complaint, and addendum to amended complaint required by paragraph 2 above, the Clerk of Court shall issue the summons and transmit the summons, USM-285 form, and copy of the complaint (D.I. 3), amended complaint (D.I. 9), and addendum to amended complaint (D.I. 11), the May 5, 2017 service order (D.I. 12), the filing fee order(s), and a copy of this Order to the USMS for immediate service pursuant to Fed. R. Civ. P. 4(c). The USMS shall personally serve process and a copy of this order upon Experian pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

4. Within ten days after personal service is effected, the USMS shall file the return of service for defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

5. **Motion to Amend.** On September 14, 2017, Plaintiff filed a "second amended complaint" construed by the Court as a motion for leave to amend. (D.I. 30). In the motion, Plaintiff incorporates by reference all the allegations in the complaint, amended complaint, and addendum and adds a new defendant. Plaintiff filed the motion without complying with the Local Rules of this Court.

6. Local Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten

2

or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Plaintiff did not do this. Therefore, the motion to amend is DENIED.[1] (D.I. 30).

7. **Request for Subpoenas.** On September 5, 2017, Plaintiff asked the Clerk of Court to issue twelve subpoenas to produce documents pursuant to Fed. R. Civ. P. 45. (D.I. 27). A federal court has the inherent power to protect any one from oppressive use of process, even if no oppression is actually intended. *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citation omitted). Plaintiff does not indicate to whom the subpoenas will be directed, what documents he seeks, how the documents he seeks are relevant, if he seeks documents from a named defendant, or whether he has the ability to pay for any costs associated with issuance of the subpoenas, such as photocopy fees, witness fees, or mileage. Therefore, the request is DENIED.[2] (D.I. 27).

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[1] It appears that Plaintiff's proposed amendment contains claims that are preempted by the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681t(b)(1)(F); *see e.g.*, *Calloway v. Green Tree Servicing, LLC*, 607 F. Supp. 2d 669, 675 (D. Del. 2009). Thus, amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[2] The Court was recently advised that the Wisconsin Department of Corrections received a subpoena to produce documents related to one of its inmates. The subpoena contains the caption of this case and, purportedly, was issued by the District of Delaware. District Court personnel confirmed that the subpoena was not issued or signed by any District of Delaware court personnel.