IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PETER JOSHUA LABRECK,  :
                Plaintiff,  :
                v.  :    Civil Action No. 17-015-RGA
BANK OF AMERICA, N.A., et al.,  :
                Defendants.  :

Peter Joshua Labreck, Federal Correctional Institution-Milan, Milan, Michigan. Pro Se Plaintiff.

Steven T. Margolin, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware. Counsel for Defendants Bank of America, N.A. and Brian Moynihan.

Blake A. Bennett, Esquire, and Erik J. Jones, Esquire, Cooch and Taylor, Wilmington, Delaware, Counsel for Defendant Trans Union, LLC.

**MEMORANDUM OPINION**

December 7, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Peter Joshua Labreck, an inmate at FCI-Milan in Milan, Michigan, proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He filed this action on January 5, 2017, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* (D.I. 2). Plaintiff has filed an Amended Complaint and an addendum to the Amended Complaint. (D.I. 9, 11). The Court has jurisdiction by reason of a federal question under 28 U.S.C. § 1331. Before the Court is a motion to dismiss filed by Defendants Bank of America, N.A. and its CEO, Brian Moynihan (together "moving Defendants").[1] (D.I. 21). Briefing on the matter is complete. (D.I. 22, 52, 53).

## BACKGROUND

Plaintiff alleges that Defendants continue to put incorrect information and/or outdated information on his consumer credit report including a wrongly displayed mortgage and home equity line of credit showing extensive delinquencies. (D.I. 9 at 2). Plaintiff alleges the delinquencies either: (1) do not belong to him; (2) are his but were paid in full during the second half of 2007; or (3) are his but he has made no payments since January 2008 and, therefore, by January 31, 2015, Defendants were obligated to stop reporting the accounts and delete them from his consumer credit reports. (*Id.*). Plaintiff alleges that no payments were made for well over seven years. (D.I. 11 at 2).

---

[1] Trans Union, LLC, the third Defendant, answered the Amended Complaint on September 14, 2017. (*See* D.I. 29).

1

Plaintiff alleges Defendants made it impossible for him to practice his chosen profession of real estate investor and to obtain loans/mortgages which resulted in lost wages. (D.I. 9 at 2). He also alleges that Defendants' actions are libelous. (*Id.*). Plaintiff alleges, "Defendants willing[ly], knowingly, and intentionally, and/or through gross, willful neglect failed to do an investigation, and/or a proper investigation after receiving notice of this consumer complaint." (D.I. 11 at 1-2). Plaintiff seeks judgment in the amount of $7,588,000. (D.I. 9 at 2).

Moving Defendants seek dismissal for lack of subject matter jurisdiction and for failure to state any cognizable claim for relief under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and, in the alternative, for improper venue under Rule 12(b)(3).

## LEGAL STANDARDS

**Rule 12(b)(1).** Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack,

the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

**Rule 12(b)(3)**. Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss for improper venue. The movant has the burden of proving that venue is improper in the selected forum. *See Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). The question of whether venue is wrong or improper is generally governed by 28 U.S.C. § 1391. *See Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). Section 1391 provides that "[a] civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

When venue is challenged, the Court must determine whether the case falls within one of the three categories set forth in § 1391(b). *See Atlantic Marine Constr. Co.*, 571 U.S. at 56. If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under 28 U.S.C. § 1406(a).

**Rule 12(b)(6)**. In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because

3

Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Plaintiff raises his claims under the FCRA. The Amended Complaint alleges Defendants put incorrect information and/or outdated information on Plaintiff's consumer credit report. Moving Defendants argue the Amended Complaint does not state a plausible claim for relief under the FCRA. They contend the claim against Moynihan fails because it is deficiently pled. In addition, they argue the FCRA claim fails as a matter of law because neither Bank of America nor Moynihan are consumer reporting agencies[2] under the FCRA, noting that banks and creditors like Bank of America are "merely furnishers of information." (D.I. 22 at 7-8, 9-10).

Plaintiff responds that Defendants are being sued as both users and furnishers of information. (D.I. 52 at 4) He argues that Defendants were obligated by the FCRA to stop reporting the delinquent mortgage and home equity line of credit seven years from the date of the first delinquency. (*Id.*). Plaintiff argues that Defendants continued reporting beyond January 2015 despite the fact that they "were notified, received notice of Plaintiff's complaints/disputes regarding [the] accounts." (*Id.*).

The FCRA, enacted in 1970, "created a regulatory framework governing consumer credit reporting" that "'was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014)

---

[2] A "consumer reporting agency" is a defined term under the FCRA: "any person which . . . regularly engages . . . in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. §1681a(f).

5

(quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010)). One consumer protection generally requires that "accounts placed for collection or charged to profit and loss" be removed from consumer credit reports after seven years. *See* 15 U.S.C. § 1681c. Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information, 15 U.S.C. § 1681s-2(a), and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished, 15 U.S.C. § 1681s-2(b). Violations of the obligation to provide complete and accurate information to consumer reporting agencies are not subject to a private cause of action "in the first instance," that is, before the consumer has disputed the information with a consumer reporting agency. *See Seamans*, 744 F.3d at 864. Finally, the FCRA "explicitly precludes private suits" for failure to comply with the duties set forth under 15 U.S.C. § 1681s-2(a), and "provides for enforcement of that provision by federal and state officials." *Seamans*, 744 F.3d at 864.

Duties of the furnisher of the information are not imposed until the furnisher receives notice from a consumer reporting agency, pursuant to 15 U.S.C. § 1681i(a)(2), that a consumer has disputed information furnished by that furnisher/creditor. *See Seamans*, 744 F.3d at 864-65. Notice triggers the requirements of 15 U.S.C. § 1681s-2(b). *See id.* To bring a claim under § 1681s-2(b), Plaintiff must establish three elements: (1) he notified the consumer reporting agency of the disputed information, (2) the consumer reporting agency notified Defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information. *See, e.g., SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011).

**Claims against Moynihan.** Other than to name Moynihan as the CEO of Bank of America, the Amended Complaint does not contain any facts regarding Moynihan's alleged actions for false credit reporting of Plaintiff's loans. To the extent Plaintiff attempts to hold Moynihan liable based solely on his role as CEO of Bank of America, the FCRA claim fails. *See Bath v. Boundy*, 2018 WL 3382934, at *3 (D. Colo. June 12, 2018); *McNack v. Smith*, 2015 WL 7302218, at *5 (C.D. Cal. Nov. 16, 2015); *Sloan v. Trans Union, LLC*, 2010 WL 1949621, at *2 (E.D. Mich. Apr. 22, 2010), *report and recommendation adopted*, 2010 WL 1949622 (E.D. Mich. May 13, 2010). Thus, the Court will grant the motion to dismiss the claims against Moynihan.

**Reporting Adverse Items of Information.** Plaintiff's main complaint is that incorrect information remained on his credit report for longer than seven years after his last nonpayment/delinquency. (*See* D.I. 9 at 2 at ¶ 8). "[T]o protect consumers from having their credit forever impaired by aging debts, [consumer reporting agencies] are precluded from reporting accounts which have been 'placed for collection' or 'charged to profit and loss' more than seven years prior to the report." *Seamans*, 744 F.3d at 860 (citing 15 U.S.C. § 1681c(a)(4)). "Other 'adverse item[s] of information,' aside from criminal convictions, also may be reported only for seven years after the adverse event." *Id.* (citing 15 § 1681c(a)(5)). "When the seven-year threshold for these items is reached, [consumer reporting agencies] may no longer lawfully report that data: in industry parlance, it has 'aged off' the consumer's credit report." *Id.*

Under the FCRA, Bank of America is a furnisher of information, not a consumer reporting agency. Although the FCRA does not define "furnishers of information," it is

"generally understood to include various types of creditors, such as banks and other lenders, that provide credit information about their customers to other entities that issue consumer reports about the customers' credit worthiness." *Ross v. Washington Mut. Bank*, 566 F. Supp. 2d 468, 475 n.1 (E.D.N.C. 2008), *aff'd*, 625 F.3d 808 (4th Cir. 2010); *see also Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) (holding that bank reporting information based solely on its own experience with one of its customers was not acting as a "consumer reporting agency" within the meaning of the FCRA).

As discussed above, the FCRA speaks expressly to the responsibility of consumer reporting agencies - not furnishers of information - in limiting the reporting of adverse items of information to only seven years after the adverse event. As a result, Plaintiff's § 1681c adverse reporting claims against the moving Defendants, neither of which are consumer reporting agencies, fail as a matter of law.

**Furnisher of Information**. As pled, the Amended Complaint does not contain the elements necessary to state a § 1681s-2(b) claim under the FCRA. While Plaintiff may have decided to change his theory of the case after reviewing Defendants' motion to dismiss, he may not amend his complaint through his opposition to the motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). The Amended Complaint and the addendum are based on a "furnishing" theory, not a "using" theory. Thus, Plaintiff's Brief (D.I. 52) cannot rely on a "using" theory.

The Amended Complaint does not state a claim against Bank of America as a furnisher of information. It alleges generally, "Defendant(s) . . . failed to do an investigation, and/or a proper investigation after receiving notice of this consumer complaint." (D.I. 11 at ¶ 3). The scant allegations do not identify any particular defendant (i.e., Bank of America or Trans Union), lack factual basis, and are conclusory. There is no allegation that Plaintiff gave notice of a dispute to a consumer reporting agency. Therefore, the Court will grant moving Defendants' motion to dismiss the § 1681s-2(b) claim to the extent Plaintiff intended to raise such a claim in his Amended Complaint. However, since it appears plausible that Plaintiff may be able to articulate a § 1681s-2(b) claim, he will be given an opportunity to amend his pleading.

## CONCLUSION

Based upon the above discussion, the Court will grant Defendants' motion to dismiss the Amended Complaint.[3] (D.I. 21). In addition, the Court will dismiss all claims against Moynihan, the § 1681c claim, and the libel claim as it is preempted by the FCRA.[4] Plaintiff will be given leave to amend the 15 U.S.C. § 1681s-2(b) claim.

An appropriate order will be entered.

---

[3] I must liberally construe Plaintiff's pleadings given his *pro se* status. He will be given leave to amend and, therefore, at this time I will not address the issue of standing under Rule 12(b)(1). Nor will I address the alternative ground for dismissal for improper venue under Rule 12(b)(3), but I do note that Defendant Trans Union, LLC is subject to this Court's jurisdiction.

[4] To the extent Plaintiff seeks to raise a libel claim under state law, the FCRA preempts all state statutory and common law claims with respect to all subject matter regulated under § 1681s-2 asserted against furnishers of information to credit reporting agencies. *See Story v. Citizens Bank*, 2017 WL 3173034, at *4 (W.D. Pa. June 28, 2017).